UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW G. SILVA,<br><br>        Plaintiff,<br><br>    v.<br><br>CARLA SCHETTLER, *et al.*,<br><br>        Defendants. | NO. CV-08-5041-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO EXTEND AND GRANTING DEFENDANTS' MOTION TO DISMISS** |

In June 2008, pro se Plaintiff Matthew G. Silva sued three (3) Washington State Penitentiary ("WSP") employees under 42 U.S.C. § 1983 for events arising out of their alleged failure to photocopy legal materials. Defendants moved to dismiss Plaintiff's § 1983 action based on his failure to exhaust administrative remedies. (Ct. Rec. 7.) After review, the Court agrees: Plaintiff's failure to abide by WSP's grievance system warrants dismissal of this action without prejudice. Providing Plaintiff with an opportunity to supplement his briefing is therefore unnecessary. The reasons for the Court's Order are set forth below.

ORDER ~ 1

**I. Background**

**A.    Procedural Posture**

On June 9, 2008, Plaintiff filed suit under 42 U.S.C. § 1983 against Defendants Carla Schettler, Lori Scamahorn, and Lee Young in Walla Walla Superior Court. (Ct. Rec. 1.) Plaintiff alleges in his Complaint that Defendants 1) denied him meaningful access to the courts by refusing to photocopy two (2) legal documents, which caused him to miss deadlines in two (2) unrelated federal actions, and 2) retaliated against him for complaining about their conduct. Defendants removed the case to federal court in July 2008. *Id.* After answering Plaintiff's Complaint, Defendants moved on March 11, 2009, to dismiss Plaintiff's Complaint for, *inter alia*, failure to exhaust administrative remedies. (Ct. Rec. 7.) Per standard procedure, the Clerk's Office sent Plaintiff a *Klingele* Advisory,[1] which explained the significance of Defendants' pending dismissal motion and the consequences of inaction. (Ct. Rec. 13.)

At the March 17, 2009 telephonic scheduling conference, Plaintiff requested additional time to respond to the pending dismissal motion because he was awaiting legal files from Thurston County Superior Court. (Ct. Rec. 18.) The Court obliged and extended Plaintiff's response deadline to April 10, 2009. (Ct. Rec. 21.) After additional motions practice, the Court extended Plaintiff's response deadline on three (3) other occasions: from April 10, 2009, to July 7, 2009 (Ct. Rec. 28); from July 7, 2009, to September 8, 2009 (Ct. Rec. 32); and from September 8, 2009, to October 9, 2009 (Ct. Rec. 34). The Court advised Plaintiff in

---

[1]*See Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988)

ORDER ~ 2

its August and September 2009 Orders that no further extensions would be granted considering Defendants' motion had been pending by that time for over five (5) months. (Ct. Recs. 32 & 34.)

On October 15, 2009, Plaintiff filed a letter with the Court. (Ct. Rec. 35.) The letter, which was dated October 9, 2009, not only responded to Defendants' dismissal motion, but also requested yet another extension in order to supplement the letter with legal authority.

**B.    The Inmate Grievance System**

WSP has had an inmate grievance system in place since the mid-80s. (Ct. Rec. 8-2 at 2.) The system enables inmates to challenge 1) Department of Corrections ("DOC") policies and procedures, 2) the application of DOC policies and procedures, 3) the lack of policies with respect to living conditions, 4) staff action, 5) actions of other inmates, 6) staff retaliation for filing grievances, and 7) physical plant conditions. *Id.*

The system is divided into four (4) different review levels. Level 0 is the "initial intake," where generalized grievances are screened and informal resolution is pursued. *Id.* at 3. Level 1 is reserved for emergencies, complaints against other inmates, or complaints about DOC policies and procedures. *Id.* Level 2 is reserved for grievances about staff action and review of Level 1 grievance responses. *Id.* Level 3 is reserved for review of Level 2 grievance responses. *Id.* at 4.

To avoid flooding the system with frivolous complaints, WSP restricts inmates to a maximum of five (5) active grievances at any one time. *Id.* If an inmate reaches his quota, then the only way a new

grievance will be processed is if an existing grievance is withdrawn. *Id.*

Inmates can file "emergency grievances," which are immediately processed as Level 1 grievances, if an issue arises that threatens their health and safety. *Id.* at 3. Issues concerning photocopy access do not constitute "emergencies." *Id.*

**C.  Plaintiff's Grievances**

In late-April 2009, Plaintiff submitted requests for legal copies to WSP staff. (Ct. Rec. 1 at 3.) When his requests went unanswered, Plaintiff filed two (2) emergency grievances: the first on April 28, 2009; the second on April 29, 2009. (Ct. Rec. 8-2 at 5.) WSP's grievance coordinator informed Plaintiff that 1) his grievances needed to be resubmitted as Level 1 grievances, and 2) he had reached his grievance quota and needed to withdraw an existing grievance in order for his new grievances to be processed. *Id.* Plaintiff refused to do so. *Id.*

**II. Discussion**

**A.  Plaintiff's Motion to Extend (Ct. Rec. 35)**

Plaintiff seeks to extend the October 9, 2009 response deadline by two (2) weeks so that he can supplement his letter/response with legal citations. (Ct. Rec. 35 at 3.) After review, the Court finds that an extension is unwarranted for two (2) reasons.

First, Plaintiff has had ample opportunity to thoroughly research and respond to Defendants' dismissal motion. To date, the Court has granted four (4) separate extension requests since early-March 2009, giving Plaintiff over seven (7) months to respond to a straightforward

ORDER ~ 4

dismissal motion. Moreover, the Court made it explicitly clear in both its August and September 2009 Orders that additional extension requests would not be entertained. (Ct. Recs. 32 & 34.) Second, Plaintiff's extension request is predicated on the need for time to supplement his response with legal authority. Supplementation is unnecessary, however, because, as set forth below, Plaintiff failed to exhaust his administrative remedies. Accordingly, Plaintiff's extension request is denied.

**B.   Defendants' Motion to Dismiss (Ct. Rec. 7)**

Defendants argue that Plaintiff failed to exhaust administrative remedies because he ran afoul WSP's grievance quota. (Ct. Rec. 8 at 13.) Plaintiff counters that not only are WSP's grievance policies not followed, but also that the entire system is unconstitutional because it prohibits inmates from citing statutes or case law in their complaints. (Ct. Rec. 35 at 2.)[2]

The Prisoner Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Exhaustion is mandatory. *Booth v. Churner,* 532 U.S. 731, 741 (2001). Exhaustion also must be proper. *Woodford v. Ngo,* 548 U.S. 81, 92 (2006) (holding

---

[2] Plaintiff's unconstitutionality argument, which is nothing more than an objection to WSP's grievance protocol, is easily dispatched because inmates do not have a constitutional right to specific grievance procedures. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

that an untimely or otherwise procedurally defective administrative grievance does not satisfy PLRA's exhaustion requirement). Strict exhaustion requirements promote judicial efficiency and allow "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Block*, 549 U.S. 199, 202 (2007).

The PLRA exhaustion requirement is not jurisdictional; rather, it creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. *See id.* at 216 ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); *Wyatt v. Terhune,* 315 F.3d 1108, 1117-19 (9th Cir.), *cert. denied sub nom. Alameida v. Wyatt,* 540 U.S. 810 (2003). The defendant bears the burden of raising and proving the absence of exhaustion. *Wyatt,* 315 F.3d at 1119. While a district court may look beyond the pleadings in deciding a motion to dismiss for failure to exhaust administrative remedies, it must assure that the prisoner has fair notice of his or her opportunity to develop a record. *Id.* at 1120 n.14.[3] If a district court concludes that the prisoner failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

Importantly, exhaustion is not required if there is no available administrative remedy. *See Brown v. Valoff,* 422 F.3d 926, 935 (9th Cir. 2005). Administrative remedies are available so long as some form of

---

[3]This notice requirement is satisfied because Plaintiff received a *Klingele* Advisory in March 2009. (Ct. Rec. 13.)

ORDER ~ 6

redress may be obtained through an established procedure.  *Booth*, 532 U.S. at at 738-39.

Here, administrative remedies are available because WSP has an established grievance system for addressing both photocopy procedure violations and retaliatory conduct by WSP staff.  (Ct. Rec. 8-2 at 2.) The sole issue is, therefore, whether Plaintiff properly utilized the established grievance system.  He did not.

DOC staff informed Plaintiff informed shortly after he filed his April 2009 emergency grievances that he had reached his grievance quota and therefore needed to withdraw existing grievances in order for his new grievances to be processed.  *Id.* at 5.  Plaintiff refused to do so.  *Id.* Because Plaintiff refused to withdraw his existing grievances, WSP never investigated Plaintiff's claims - the same claims that form the basis for the current § 1983 action.  Accordingly, there was no chance for prison officials to address the photocopying and retaliation issues "before being haled into court."  *Jones,* 549 U.S. at 202.

### III. Conclusion

The PLRA's purpose is two-fold.  First, it seeks to eliminate unwarranted federal court interference with prison administration by affording corrections officials time to internally address complaints. *Porter v. Nussle,* 543 U.S. 516, 525 (2002).  And second, it reduces the quantity and improves the quality of prisoner suits.  *Id.* at 524. Permitting Plaintiff to proceed with his § 1983 claims undermines both these purposes because the Court wastes valuable judicial resources by prematurely meddling in prison administration, an area "peculiarly within the province of the legislative and executive branches of government."

ORDER ~ 7

*Turner v. Safley,* 482 U.S. 78, 84-85 (1987).  Dismissal is therefore proper.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Extend **(Ct. Rec. 35)** is **DENIED**;

2. Defendants' Motion to Dismiss **(Ct. Rec. 7)** is **GRANTED**;

3. Plaintiff's Complaint **(Ct. Rec. 1)** is **DISMISSED WITHOUT PREJUDICE** and judgment shall be entered in Defendants' favor;

4. All pending trial and hearing dates are **STRICKEN**;

5. All pretrial motions are **DENIED AS MOOT**; and

6. This file shall be **CLOSED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, enter judgment and provide a copy to defense counsel and to Plaintiff.

**DATED** this ___20th___ day of October 2009.


                         S/ Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2008\5041.Dismiss.wpd

ORDER ~ 8